**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:14-cv-20372-WILLIAMS/TURNOFF**

UNITED STATES OF AMERICA, *ex rel.*,
BEATRIZ AQUINO, Relator,

    Plaintiff,

vs.

UNIVERSITY OF MIAMI, a Florida nonprofit corporation d/b/a UNIVERSITY OF MIAMI HOSPITAL and UNIVERSITY OF MIAMI MILLER SCHOOL OF MEDICINE, DR. NESTOR DE LA CRUZ-MUÑOZ, and JOHN DOES 1-10,

    Defendants.
_____/

## DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT

Defendant, University of Miami (the "University"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56 and S.D. Fla. L. R. 56.1, hereby moves for final summary judgment on the sole remaining claim asserted against it by Plaintiff, Beatriz Aquino ("Aquino"): retaliation in violation of the False Claims Act, 31 U.S.C. § 3730(h) (the "FCA").[1] In her operative First Amended *Qui Tam* Complaint (D.E. 48), Aquino alleges that the University terminated her employment in retaliation for her complaints about the University's Medicare billing practices. Aquino's claim fails as a matter of undisputed fact and law for multiple reasons.

---

[1] By Order dated April 26, 2017, the Court dismissed with prejudice Counts I and II of Aquino's operative First Amended *Qui Tam* Complaint, which alleged violations of the FCA. (D.E. 61.) The Court concluded that, based on the legal standard applicable to motions to dismiss, Aquino could proceed on Count III (FCA Retaliation). (*Id*.)

The record evidence (most of which comes from Aquino herself) establishes that Aquino never engaged in statutorily-protected activity under the FCA (a necessary element of her claim) and, even if she had, the people who made the decision to terminate her employment had no knowledge of her alleged protected activity. Further, the record evidence establishes that the University's decision to terminate Aquino's employment was based solely on her admitted theft of University funds and her admitted violation of the University's computer-use and conflict-of-interest policies (which Aquino violated by creating and operating another business while on University time and by using her University e-mail address to send HIPAA-protected patient information to aid her business). The University respectfully submits that, not only should summary judgment be entered in favor of the University, but Aquino should be sanctioned for filing and maintaining this frivolous lawsuit. Submitted herewith in support of this Motion is Defendant's Statement of Undisputed Material Facts ("SUMF") (D.E. 82).

## MEMORANDUM OF LAW

### I. Legal Standard on Summary Judgment

Summary judgment is appropriate when the pleadings, affidavits, depositions, admissions and the like "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Swindle v. Jefferson Cty. Com'n*, 593 Fed. Appx. 919, 922 (11th Cir. 2014) (citing Fed.R.Civ.P. 56(a) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The plain language of Fed. R. Civ. P. 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322.

After the movant has met its burden, the burden shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The nonmoving party must identify "specific facts showing that there is a genuine issue for trial." *Id*. at 587. "[T]o survive summary judgment, the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015 (citing *Brooks v. Cty. Comm'n of Jefferson Cty., Ala.,* 446 F.3d 1160, 1162 (11th Cir. 2006)). "[W]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Howard v. Memnon*, 572 Fed. Appx. 692, 695 (11th Cir. 2014) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

## II.     Overview of Aquino's Claim

Aquino has asserted a single claim of retaliation under the FCA. The anti-retaliation provision of the FCA provides as follows:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

31 U.S.C. § 3730(h)(1).

The familiar *McDonnell-Douglas* burden-shifting framework applies to FCA retaliation claims. *Kalch v. Raytheon Tech. Servs. Co., LLC*, No. 616CV1529ORL40KRS, 2017 WL 3394240, at *3 (M.D. Fla. Aug. 8, 2017); *Ferrare v. Morton Plant Mease Health Care, Inc.*, No.

3

8:08-CV-1689-T-36MAP, 2014 WL 5336481, at *6 (M.D. Fla. Oct. 20, 2014); *Prime v. Post, Buckley, Schuh & Jernigan, Inc.*, No. 6:10-CV-1950-ORL-36, 2013 WL 4506357, at *13 (M.D. Fla. Aug. 23, 2013) (citations omitted). This framework involves three steps: (1) the plaintiff must first establish a *prima facie* case of retaliation; (2) if the plaintiff establishes a *prima facie* case, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the employment action; and (3) if the employer articulates such a reason, the burden then shifts back to the plaintiff to show that the employer's proffered reason was a pretext for retaliation. *Id.*

Here, the undisputed record evidence establishes that Aquino cannot establish a *prima facie* case of retaliation. Even if she could, the undisputed record evidence establishes that the University had numerous legitimate, non-retaliatory and non-pretextual reasons to terminate her employment. For all of these reasons, summary judgment in favor of the University is proper.

### III.   Aquino Cannot Establish a *Prima Facie* Case of Retaliation.

A *prima facie* case of FCA retaliation requires the plaintiff to prove three elements: "(1) he engaged in protected conduct, (2) the defendant took adverse action against his employment, and (3) the defendant took the adverse action because of his protected conduct." *Kalch v. Raytheon Tech. Servs. Co., LLC*, No. 616CV1529ORL40KRS, 2017 WL 3394240, at *3 (M.D. Fla. Aug. 8, 2017) (citing *Reynolds v. Winn-Dixie Raleigh Inc.*, 620 Fed. Appx. 785, 791 (11th Cir. 2015) and *Mack v. Augusta-Richmond Cty.*, 148 Fed. Appx. 894, 896–97 (11th Cir. 2005)). As to the third element (causation), the FCA's use of the phrase "because of" means that the relator's protected conduct must have been the but-for cause of the adverse employment action. *DiFiore v. CSL Behring, LLC*, 879 F.3d 71, 78 (3d Cir. 2018) (holding that "retaliation claims under the FCA require proof of 'but-for' causation); *United States ex rel King v. Solvay Pharm., Inc.*, 871 F.3d 318, 333 (5th Cir. 2017) (same); *U.S. ex rel. Marshall v. Woodward, Inc.*, 812 F.3d 556, 564 (7th

4

Cir. 2015) (same). *See also Reynolds v. Winn-Dixie Raleigh Inc.*, 620 Fed. Appx. 785, 792 (11th Cir. 2015) (noting, without expressly deciding, that the Title VII standard of but-for causation applies to FCA retaliation claims).

Here, Aquino cannot establish either the first or third elements of her *prima facie* case. Aquino never engaged in statutorily-protected activity, and there is absolutely no evidence in this record that Aquino's alleged protected activity was the but-for cause of the termination decision. For either of these reasons, summary judgment in favor of the University is proper. *See Wolf v. MWH Constructors, Inc.*, 34 F. Supp. 3d 1213, 1227 (M.D. Fla. 2014) ("summary judgment is appropriate if the plaintiff fails to satisfy any of the elements of a *prima facie* case") (citing *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1433 (11th Cir. 1998)).

### A.  Aquino Never Engaged in Statutorily-Protected Activity.

Two types of statutorily-protected activity exist under the FCA: (1) "conduct in furtherance of FCA litigation" and (2) conduct "taken as an effort to stop the [FCA] violation." *Arthurs v. Glob. TPA LLC*, 208 F. Supp. 3d 1260, 1265–66 (M.D. Fla. 2015) (citations and internal quotations omitted). However, "a person who acts to oppose an FCA violation for reasons other than protecting the federal government from potential fraud has not engaged in protected conduct." *Id*. Similarly, "unethical medical practices are not frauds committed upon the government in violation of the FCA" and, therefore, internal complaints about same do not qualify as protected activity. *United States v. LifePath Hospice, Inc.*, No. 8:10-CV-1061-T-30TGW, 2016 WL 5239863, at *10 (M.D. Fla. Sept. 22, 2016), *aff'd sub nom.*, *United States v. HPC Healthcare, Inc.*, No. 16-16670, 2018 WL 526039 (11th Cir. Jan. 24, 2018). Finally, the FCA "does not create liability merely for a health care provider's disregard of Government regulations or improper internal policies unless, as a result of such acts, the provider knowingly asks the Government to pay amounts it does not

5

owe." *McNutt ex rel. U.S. v. Haleyville Med. Supplies, Inc.*, 423 F.3d 1256, 1259 (11th Cir. 2005) (citing *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002)). Here, Aquino failed to engage in any FCA-protected conduct.

First, Aquino clearly did not engage in any conduct in furtherance of an FCA lawsuit during her employment with the University. She, admittedly, never spoke with any governmental agency during her employment, and she did not even know what a *qui tam* lawsuit was until *after* her employment was terminated. (SUMF ¶ 29.) Similarly, because nearly two years passed between when she was fired and when she filed her *qui tam* lawsuit, she could not have taken and did not take any steps to further an FCA lawsuit during her employment. (*Id*.)

Second, Aquino never complained internally about an FCA violation during her employment. The record is undisputed that Aquino raised two complaints: She complained about charging Medicare patients $2,500.00, and she complained about an alleged HIPAA violation stemming from the "openness" of Dr. Nestor De La Cruz-Munoz's office. (SUMF ¶ 31.) The Eleventh Circuit has made clear that the submission of a false claim <u>to the government</u> is the "sine qua non of a False Claims Act violation." *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002). *See also United States v. Marder*, 208 F. Supp. 3d 1296, 1312 (S.D. Fla. 2016) ("Without the presentment of such a claim [to the government], while the practices of an entity that provides services to the Government may be unwise or improper, there is simply no actionable damage to the public fisc as required under the False Claims Act.") (quoting *Clausen*, 290 F. 3d at 1311). Neither of Aquino's alleged complaints related to the submission of fraudulent claims to the government for payment. Rather, her alleged complaints related to the alleged collection of money from private patients and the alleged noncompliance with HIPAA.

Even if Aquino's complaints were valid (which the University disputes), these alleged activities do not fall within the purview of the FCA. It bears noting that, based on her own deposition testimony, Aquino could not have engaged in FCA-protected activity. Aquino, admittedly, has no knowledge of the University's billing practices; in fact, Aquino conceded that she has no knowledge that any fraudulent claim ever was submitted to the government. (SUMF ¶¶ 14, 30.) Further, Aquino testified unequivocally that her "real issue" that Aquino sought to remedy with her complaints was to "help the patients" regarding the $2,500.00 payments. (SUMF ¶ 31.)[2] Finally, alleged violations of HIPAA are insufficient to sustain a claim under the FCA. *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 469 (6th Cir. 2011) (affirming dismissal of FCA claim premised on alleged HIPAA violations because such violations do not relate to the government's payment of a fraudulent claim).

For all of these reasons, Aquino never engaged in statutorily-protected activity and, therefore, has failed to establish the first element of her *prima facie* case.

### B. Aquino Cannot Prove that Her Alleged Protected Activity was the But-for Cause of the University's Decision to Terminate Her Employment.

Even if Aquino had engaged in statutorily-protected activity, Aquino cannot establish the third element of her *prima facie* case: but-for causation. As a threshold matter, in order to establish causation, Aquino must demonstrate that the decisionmakers were aware of her protected conduct:

> ***To establish causation under § 3730(h)(1), the plaintiff must show that the final decision-maker who approves or implements the adverse employment action knew about the plaintiff's protected conduct***. . . . It is not enough for other employees, supervisors, or members of the employer's management to know about the

---

[2] As noted *supra*, "a person who acts to oppose an FCA violation for reasons other than protecting the federal government from potential fraud has not engaged in protected conduct." *Arthurs v. Glob. TPA LLC*, 208 F. Supp. 3d 1260, 1265–66 (M.D. Fla. 2015). Because Aquino herself admitted that the purpose of her statement was something other than to protect the federal government from fraud, it cannot constitute protected activity.

> plaintiff's protected conduct where these individuals have no decision-making authority.

*Kalch v. Raytheon Tech. Servs. Co., LLC*, No. 616CV1529ORL40KRS, 2017 WL 3394240, at *3 (M.D. Fla. Aug. 8, 2017) (internal citation omitted) (emphasis added). *See also Reynolds v. Winn-Dixie Raleigh Inc.*, 620 Fed. Appx. 785, 792 (11th Cir. 2015) (affirming summary judgment on FCA retaliation claim where the plaintiff "failed to establish causation because he did not present any evidence that the decision makers . . . knew that [he] had spoken . . . about potential false claims"); *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1208 (11th Cir. 2001) (noting that "[a] decision maker cannot have been motivated to retaliate by something unknown to him") (quoting *Bechtel Constr. Co. v. Secretary of Labor,* 50 F.3d 926, 934 (11th Cir. 1995)); *Hernandez v. Hernandez*, No. 616CV1807ORL28TBS, 2017 WL 2557066, at *3 (M.D. Fla. June 12, 2017) (dismissing FCA retaliation claim because "temporal proximity between the protected conduct and the alleged retaliatory actions is insufficient to overcome Defendants' lack of knowledge of the protected conduct").

Here, the record is devoid of any evidence that the decisionmakers even were aware of Aquino's alleged protected activity. In fact, the record evidence establishes the opposite. Aquino testified, under oath, that the only people she complained to were Dr. De La Cruz-Munoz, Lilliam Dana, Edith Hernandez, an unnamed ARNP and unnamed nurse coordinators. (SUMF ¶ 31.) None of them was a decisionmaker. (SUMF ¶¶ 26, 33.) Rather, Rafic Warwar recommended the decision to terminate Aquino's employment, Karen Stimmell agreed with that recommendation and Dr. Sheri Keitz approved it. (*Id.*) The record evidence is undisputed that Mr. Warwar, Ms. Stimmell and Dr. Keitz had no knowledge of Aquino's alleged protected activity when they decided to terminate Aquino's employment. (SUMF ¶ 33.) As a result, there is absolutely no evidence of causation in this record.

Even if a decisionmaker had been aware of Aquino's alleged protected activity, Aquino nonetheless fails to establish causation. Although Aquino first raised her complaints within three months of her termination, it is well-established that an employee's intervening act of misconduct severs any causal connection that might be inferred from such proximity. *See, e.g., Henderson v. FedEx Express*, 442 Fed. Appx. 502, 506 (11th Cir. 2011); *Hankins v. AirTran Airways, Inc.*, 237 Fed. Appx. 513, 520-21 (11th Cir. 2007). *See also Schoebel v. Am. Integrity Ins. Co. of Fla.*, No. 8:14–cv–426–T–27AEP, 2015 WL 4231670 (M.D. Fla. July 10, 2015) (granting summary judgment to employer because, notwithstanding the close temporal proximity between the plaintiff's protected conduct and her termination, she indisputably violated her employer's e-mail policy, which was a legitimate reason for the termination unrelated to her protected conduct).

On this record, it cannot reasonably be disputed that Aquino engaged in egregious misconduct that warranted termination: She stole University funds; operated and conducted transactions for a competing business while on University property; and sent spreadsheets containing HIPAA-protected patient information from her University e-mail address to her personal e-mail address for the purpose of soliciting those patients for the benefit of her competing business. (SUMF ¶¶ 27, 33.) That misconduct necessarily severs any causal link between Aquino's alleged protected activity and her termination.

Because Aquino has failed to establish the element of causation, summary judgment in favor of the University is appropriate. *See, e.g., Strickland v. Water Works & Sewer Bd. of City of Birmingham,* 239 F.3d 1199, 1207 (11th Cir. 2001); *Wascura v. City of South Miami,* 257 F.3d 1238, 1248 (11th Cir. 2001).

**IV.     The University Had Legitimate, Non-Retaliatory and Non-Pretextual Reasons to Terminate Aquino's Employment.**

The above analysis should end the inquiry, as "[s]ummary judgment is appropriate if the plaintiff fails to satisfy any one of the elements of a *prima facie* case." *Adams v. City of Montgomery*, 569 Fed. Appx. 769, 773 (11th Cir. 2014) (citing *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1433 (11th Cir. 1998)). Nevertheless, even if Aquino had met her burden of establishing a *prima facie* case of retaliation, summary judgment in favor of the University still is appropriate. The University's reasons for the decision to terminate Aquino's employment are legitimate, and Aquino cannot establish that these reasons are a pretext for retaliation.

First, Aquino stole money from the University and successfully was prosecuted for the theft. (SUMF ¶¶ 20-22, 28.) It is well-established that an employee's theft is a legitimate reason for a termination decision. *See, e.g.*, *Fernandez v. Winn-Dixie Stores, Inc.*, No. 17-CV-60322, 2018 WL 538699, at *1 (S.D. Fla. Jan. 24, 2018) (granting summary judgment to the employer on a retaliation claim and noting that the employee's theft was a legitimate reason for the termination); *Addison v. Ingles Markets, Inc.*, 515 Fed. Appx. 840, 843 (11th Cir. 2013) (affirming summary judgment in favor of the employer who terminated its employee because of theft). This is even more true here given Aquino's history of criminal conduct - - particularly the criminal charges/judgment that resulted from her theft from the University (SUMF ¶¶ 8, 9, 28). *See Graham v. Best Buy Stores, L.P.*, 298 Fed. Appx. 487, 496-97 (6th Cir. 2008) (affirming summary judgment in favor of the employer on a retaliation claim because the employer believed the employee had committed theft, which belief was bolstered by the fact that "the police arrested [the employee], a grand jury indicted him, and a prosecutor decided to pursue the case").

Second, Aquino violated the University's computer-use policy and HIPAA by using her University computer and e-mail to operate her competing business using University patients'

confidential health information. (SUMF ¶¶ 3-5, 17-18, 24.) An employee's violation of her employer's confidentiality policy and/or HIPAA is a legitimate reason for termination. *See, e.g.*, *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 397 (6th Cir. 2008) (an employer's honest belief that an employee violated HIPAA and its privacy policy is a legitimate, non-pretextual reason for termination); *Vaughn v. Epworth Villa*, 537 F.3d 1147, 1153 (10th Cir. 2008) (disclosing patient information, in violation of HIPAA and the employer's privacy policy, is a legitimate reason for termination); *Hamilton v. Coffee Health Group*, 949 F. Supp. 2d 1119, 1141 (N.D. Ala. 2013) (plaintiff's HIPAA violation was a legitimate, non-discriminatory reason for her termination); *Byars v. UAB Hosp. Mgmt., LLC*, No. 2:14-CV-1338-WMA, 2015 WL 5648837, at *2 (N.D. Ala. Sept. 25, 2015) (same).

Finally, Aquino violated the University's conflict-of-interest policy by forming and operating a competing business - - located directly across the street from her workplace - - during her working hours at the University. (SUMF ¶¶ 6, 17-19, 23-24.) An employee's violation of her employer's conflict-of-interest policy is a legitimate reason for termination. *Butterworth v. Lab. Corp. of Am. Holdings*, 581 Fed. Appx. 813, 817 (11th Cir. 2014) (affirming summary judgment for the employer after the employee violated a conflict-of-interest policy); *Soto v. Bank of Am., NA*, No. 6:04-CV-782-ORL28JGG, 2005 WL 2861116, at *8 (M.D. Fla. Nov. 1, 2005) (granting summary judgment to the employer after the employee violated a conflict-of-interest policy).

The undisputed facts demonstrate that the information obtained by the University in the course of its investigation led it, in good faith, to believe that Aquino had engaged in serious misconduct. That is all that matters. A legitimate reason for an adverse action is a reason independent from the alleged basis of the retaliation. *See Sheppard v. Sears Roebuck & Co.*, 391 F. Supp. 2d 1168 (S.D. Fla. 2005). Neither the plaintiff nor the Court may recast the reason given

by the employer for taking a particular action. *Chapman v. AI Transp.*, 229 F.3d 1012 (11th Cir. 2000). It is not the Court's role to determine whether an employer's decisions are right or fair, but whether such decisions were motivated by retaliation. *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir. 1984). The law is clear that "[a]n employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1363 n.3 (11th Cir. 1999). Moreover, "[a]n employer 'may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Id*. (quoting *Jones v. Bessemer Carraway Med. Ctr.,* 151 F.3d 1321, 1324 n.16 (11th Cir. 1998)). It is undisputed that the University had a reasoned and good-faith belief that Aquino committed theft and violated numerous University policies, and its termination decision had nothing at all to do with Aquino's alleged protected activity.

Once the employer has met its burden of articulating a legitimate, non-retaliatory reason for the adverse employment action at issue, the burden shifts back to the employee to show that the employer's independent reasons were, in reality, a mere pretext for retaliation. *Schaaf v. Smithkline Beecham Corp.,* 602 F.3d 1236, 1244 (11th Cir. 2010). A "plaintiff's pretext claim will fail where [she] merely questions the wisdom of the employer's reasons, at least where the reason is one that might motivate a reasonable employer." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir. 1997). Rather, to satisfy her burden, Aquino must present sufficient evidence to permit a reasonable factfinder to conclude that the reasons given by the University were not the real reasons for the adverse employment decision. *Schaaf,* 602 F.3d at 1244.

Moreover, to prove pretext, a plaintiff "cannot recast the reason [proffered by the employer] but must meet it head on and rebut it." *Springer v. Convergys Customer Mgt. Group*

*Inc.*, 509 F.3d 1344, 1350 (11th Cir. 2007); *Barsorian v. Grossman Roth, P.A.*, 572 Fed. Appx. 864, 869 (11th Cir. 2014) (affirming summary judgment because plaintiff failed to meet the employer's reason "head on and rebut[] it"). "[A] reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1252 (S.D. Fla. 2009), *aff'd*, 389 Fed. Appx. 936 (11th Cir. 2010); *Brooks v. Cty. Comm'n of Jefferson Cty., Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006).

Clearly, Aquino cannot meet her burden of establishing pretext. There exists not a scintilla of evidence in this case that Aquino was terminated because of anything related to the FCA. To the contrary, the evidence is undisputed that Aquino's employment was terminated following an investigation into her misconduct that revealed numerous misdeeds warranting termination. The record also is undisputed that there exists no other University employee who has engaged in the same or similar misconduct as Aquino but who was not terminated by the University. (SUMF ¶ 34.) For all of these reasons, Aquino cannot establish pretext.

**V.     Conclusion**

Application of controlling legal principles to the undisputed factual record in this case warrants summary judgment in favor of the University on Aquino's FCA Retaliation claim. Further, given the complete lack of factual or legal support for Aquino's claims (as summarized above), the University also seeks an award of reasonable attorneys' fees and expenses against her. To that end, the FCA provides that "the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). It is worth noting that Aquino did not propound

a single discovery request or take a single deposition in this case. The Eleventh Circuit has found claims to be frivolous and to warrant an award of fees when a case is not "meritorious enough to receive careful attention and review," as evidenced by a plaintiff's failure to pursue her claim. *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1423 (11th Cir. 1996) (quoting *Walker v. NationsBank of Fla.*, 53 F.3d 1548, 1559 (11th Cir. 1995)). That is the case here.

WHEREFORE, the University respectfully requests that the Court (1) grant this Motion and enter final summary judgment in its favor on Aquino's FCA retaliation claim (Count III); (2) award the University its attorneys' fees and costs pursuant to applicable law, including 31 U.S.C. § 3730(d)(4); and (3) grant such other relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Christopher M. Yannuzzi
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Teresa Ragatz
    Florida Bar No. 545170
    Ragatz@irlaw.com
    Christopher M. Yannuzzi
    Florida Bar No. 92166
    Yannuzzi@irlaw.com

## **CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF this 6th day of March, 2018, upon the following:

Juan Carlos Montes, Esq.
Montes & Associates Law Firm, PL
16351 Miramar Parkway
Miramar, Florida 33027
jcmontes@monteslawfirm-florida.com
service@monteslawfirm-florida.com

*Co-counsel for Relator*

Benedict P. Kuehne, Esq.
Michael T. Davis, Esq.
Law Office of Benedict P. Kuehne, P.A.
100 S.E. 2nd St., Suite 3550
Miami, Florida 33131
ben.kuehne@kuehnelaw.com
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

*Co-counsel for Relator*

Jessica Elise Elliott, Esq.
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, Florida 33132
jessica.elliott@usdoj.gov

*Counsel for the United States of America*

By: /s/ Christopher M. Yannuzzi
     Christopher M. Yannuzzi