UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-20372-WILLIAMS/TURNOFF

UNITED STATES OF AMERICA, *ex rel.*,
BEATRIZ AQUINO, Relator,

    Plaintiff,

vs.

UNIVERSITY OF MIAMI, a Florida nonprofit corporation d/b/a UNIVERSITY OF MIAMI HOSPITAL and UNIVERSITY OF MIAMI MILLER SCHOOL OF MEDICINE, DR. NESTOR DE LA CRUZ-MUÑOZ, and JOHN DOES 1-10,

    Defendants.
_____/

### DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE FROM TRIAL

Defendant, University of Miami (the "University"), by and through undersigned counsel and pursuant to the Court's Scheduling Order (D.E. 66), hereby moves to exclude certain evidence that Plaintiff, Beatriz Aquino ("Aquino"), has indicated she intends to introduce at trial. Because Aquino's proffered evidence is inadmissible, irrelevant and/or unfairly prejudicial, it properly should be excluded.

### INTRODUCTION

Aquino has asserted a single claim against the University: retaliation in violation of the False Claims Act, 31 U.S.C. § 3730(h) (the "FCA").[1] Aquino generally contends that the

---

[1] By Order dated April 26, 2017, the Court dismissed with prejudice Counts I and II of Aquino's operative First Amended *Qui Tam* Complaint, which alleged violations of the FCA.

University unlawfully terminated her employment in retaliation for complaints she allegedly raised regarding the University's alleged practice of collecting $2,500.00 directly from Medicare patients. (*See* D.E. 41.) The University disputes Aquino's claim and contends that it properly terminated Aquino's employment due to her admitted theft of University money and her admitted violations of the University's computer-use and conflict-of-interest policies, which Aquino violated by forming a competing business while on University time and by stealing HIPAA-protected information to aid her business. (*See* D.E. 82 ¶¶ 26, 27.)[2]

## ARGUMENT

There are three general categories of evidence that the University seeks to exclude: (1) evidence regarding Aquino's improper and unsupported damages calculations; (2) documentary evidence not produced during discovery; and (3) evidence regarding Aquino's performance evaluations and prior employment history with the University. As set forth below, this evidence properly should be excluded because it is inadmissible, irrelevant and/or unfairly prejudicial.

### 1. IMPROPER AND UNSUPPORTED DAMAGES SOUGHT BY AQUINO

On May 26, 2017, Aquino filed her Preliminary Damages Computation. (D.E. 70.) Therein, Aquino identified *inter alia* the following categories of damages she seeks in this lawsuit:

> Value of fringe benefits lost: to be determined by expert.
>
> Reimbursement for lost pension & social security benefits: to be determined by expert.
>
> Special damages:    Emotional distress - $1,000,000.00 plus
>                             Injury to reputation - $1,000,000.00 plus

---

(D.E. 61.) The Court concluded that, based on the legal standard applicable to motions to dismiss, Aquino could proceed on Count III (FCA Retaliation). (*Id*.)

[2]    The University has moved for final summary judgment against Aquino on her sole remaining claim. (D.E. 81, 82.) The motion remains pending.

(*Id.*) On July 6, 2017, Aquino repeated those same statements/categories in response to the University's Interrogatory No. 15, which asked: "State every item of damage that you claim in this lawsuit and include in your response (i) the category into which each item of damages falls (i.e., compensatory damages, non-pecuniary losses); (ii) the factual basis for each item of damages; and (iii) an explanation of how you computed each item of damages, including any mathematical formula used." A true and correct copy of Aquino's response is attached hereto as Exhibit A. Aquino's response did not include any calculations or explanations for the amounts sought.

Each of the aforementioned categories of damages should be excluded. First, Aquino never served supplemental interrogatory answers to quantify the alleged value of the fringe benefits, pension and social security benefits she purports to claim in this lawsuit. Nor did Aquino disclose an expert to opine on those issues, although she affirmatively represented, on two separate occasions, that such amounts would be "determined by expert."[3] Therefore, any evidence regarding Aquino's alleged loss of fringe benefits, pension and social security benefits should be excluded because Aquino failed to identify those amounts and failed to disclose an expert to opine on same. Courts have excluded evidence of damages under identical circumstances. *See, e.g.*, *Helm v. United States*, No. 2:11-CV-01703-MCE, 2015 WL 521529, at *4 (E.D. Cal. Feb. 9, 2015) (holding that the plaintiff's failure to disclose an expert to testify about his "lost earning capacity, military benefits and military pension losses," after representing that the damages "amount [was] to be determined by expert testimony," prevented the plaintiff from seeking such damages); *Alphamed Pharm. Corp. v. Arriva Pharm., Inc.*, 432 F. Supp. 2d 1319, 1330 n.25 (S.D. Fla. 2006) (collecting cases holding that a plaintiff is limited to the amount, calculation and type of damages

---

[3] The only expert witness that Aquino ever disclosed is a psychiatrist, Dr. Manuel Melendez. Dr. Melendez never made any such calculations, nor would he have been qualified to do so. The University has moved to exclude his testimony on multiple grounds. (D.E. 85.)

disclosed), *aff'd*, 294 Fed. Appx. 501 (11th Cir. 2008); *Zenith Electronics Corp. v. WH–TV Broadcasting Corp.*, 395 F.3d 416, 420 (7th Cir. 2005) (affirming the district court's exclusion of damages evidence based on a party's failure to respond to an "interrogatory with a description of its damages theory and the proof to be employed").

For the same reason, the Court should exclude any evidence from Aquino regarding her alleged emotional distress or reputational harm damages, as Aquino has provided no explanation for her computation of such damages. Aquino appears to have selected an artificial, inflated and unsupported/unsupportable figure, particularly in light of the record evidence. As more fully set forth in the University's *Daubert* motion (incorporated herein by reference), Aquino's alleged "emotional distress" is obviously manufactured. (*See* D.E. 85.) Aquino first sought treatment approximately two years after her employment was terminated by the University and first did so days before filing this lawsuit (clearly, in an effort to present a claim for emotional distress). (*Id.*) Dr. Melendez "treated" Aquino by diagnosing her with depression and anxiety because she told him that she was "depressed" and "anxious." (*Id.*) She visited Dr. Melendez only three times. (*Id.*) Because there clearly is no legitimate evidence of emotional distress, this category of damages should be excluded.[4]

Aquino's claim for reputational harm damages is equally unsupported. As a result of her theft of University funds, Aquino was criminally charged with third-degree-felony grand theft. (D.E. 82 ¶ 28.) Aquino originally pled not guilty but later changed her plea to nolo contendere. (*Id.*) In October 2012, she was found guilty, but adjudication was withheld. (*Id.*) She was sentenced

---

[4] Alternatively, the Court properly should limit Aquino to damages for garden-variety emotional distress. *See Fair Hous. Ctr. of the Greater Palm Beaches, Inc. v. Sonoma Bay Cmty. Homeowners Ass'n, Inc.*, No. 914CV80667ROSENBERGB, 2015 WL 5016836, at *3 (S.D. Fla. Aug. 25, 2015); *City of Hollywood v. Hogan*, 986 So. 2d 634, 648–49 (Fla. 4th DCA 2008) (citing *Reiter v. Metro. Transp. Auth. of N.Y., MTA*, 2003 WL 22271223, *9 (S.D.N.Y. Sept. 30, 2003)).

to one year of probation and ordered to pay $720.00 in court costs. (*Id.*) This was Aquino's third criminal conviction related to theft; her criminal history includes multiple felony charges of forgery and theft. (*Id.* ¶¶ 8-9.) Aquino apparently believes that the University's decision to prosecute her for theft has damaged her reputation. Yet, Aquino's theory fails even to acknowledge the fact that she has an extensive criminal record for theft, which predates her employment at the University and which is publicly available on the internet. Aquino has provided no explanation or justification as to why her latest criminal conviction has damaged her already-marred reputation -- and certainly not to the extent of more than $1,000,000.00. Accordingly, the Court properly should exclude same from trial. *See, e.g.*, *Fail-Safe, L.L.C. v. A.O. Smith Corp.*, 744 F. Supp. 2d 870, 899 (E.D. Wis. 2010) (granting motion in *limine* and excluding proffered damages numbers because they "seem 'pie in the sky'").

In sum, the aforementioned damages claims should be excluded from trial.

### 2. Use of Documents Not Produced During Discovery and Testimony Regarding Same.

Pursuant to the Court's Scheduling Order, discovery originally was to close on February 23, 2018. (D.E. 66 at 2.) However, due to the parties' scheduling/trial conflicts, the Court extended the discovery period by one week until March 2, 2018. (D.E. 79.) During the course of discovery, Aquino produced documents on two occasions: (1) as part of her Rule 26 initial disclosures and (2) in response to the University's comprehensive requests for production.[5]

The Court should prevent Aquino from attempting to introduce into evidence any documents she did not produce during discovery. The Honorable Edwin Torres recently granted a motion in *limine* on this precise basis:

---

[5] Despite a nine-month-long discovery period, Aquino never propounded a single discovery request on the University.

> Defendant seeks to preclude Plaintiff from introducing any evidence at trial that was not produced prior to the discovery cutoff. "Discovery must be completed in accordance with the court-ordered discovery cutoff date." S.D. Fla. Local R. 26.1(f). The only exception to this rule is if the parties agree to conduct discovery after the discovery cutoff date, but such is not the circumstance here. The discovery cutoff in this case was November 23, 2012. [D.E. 22]. This part of the motion is GRANTED. The parties are generally precluded from introducing at trial any documentary evidence that was not produced prior to or on November 23, 2012.

*Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at *3 (S.D. Fla. Apr. 4, 2013). *See also Eli Research, LLC v. Must Have Info Inc.*, No. 2:13-CV-695-FTM-38CM, 2015 WL 6501070, at *2 (M.D. Fla. Oct. 22, 2015) (granting motion in *limine* and excluding "any documents or evidence that has not been previously produced during discovery or in the Joint Pretrial Statement"); *Disa v. Ashley Furniture Indus., Inc.*, No. 814CV01915T27AEP, 2016 WL 7177517, at *2 (M.D. Fla. Jan. 7, 2016) (provisionally granting motion in *limine* to exclude "evidence not produced during discovery and related testimony").

Relatedly, the University also moves to prevent Aquino from introducing any testimony about the contents of documents not produced during discovery. Such testimony would violate the "Best Evidence Rule," which provides than an "original writing, recording, or photograph is required in order to prove its content." Fed. R. Evid. 1002. Courts routinely exclude and/or strike evidence in violation of the Best Evidence Rule. *See, e.g.*, *U.S. ex rel. Magid v. Wilderman*, No. CIV.A.96-CV-4346, 2004 WL 1987219, at *5 (E.D. Pa. Aug. 18, 2004) (excluding explanations of Medicare claims under the Best Evidence Rule because the proponent was required to introduce the claims themselves); *Scarim v. Ryan*, No. CV-11-01736-PHX-SRB, 2013 WL 12096528, at *2 (D. Ariz. Apr. 16, 2013) (excluding evidence of descriptions of the plaintiff's medical records, rather than the records themselves, because the "best evidence rule requires the production of original documents"); *Jennings v. Crompton*, No. 1:16-CV-921, 2018 WL 271913, at *3 (W.D.

6

Mich. Jan. 3, 2018) ("Plaintiff's description of his medical records are inadmissible under the Federal Rules of Evidence," including the Best Evidence Rule under Rule 1002).[6]

For these reasons, the Court should prevent Aquino from introducing into evidence at trial any documentary evidence she failed to produce in discovery as well as any testimony regarding the contents of such documentary evidence.

### 3. Evidence Regarding Aquino's Prior Positions and Performance Evaluations at the University

From 1998 through 2012, Aquino worked at the University in several different positions. (D.E. 82 ¶¶ 1-2, 7, 10-12.) Her most recent position with the University was as a Patient Access Supervisor in the University's Division of Laparoscopic and Bariatric Surgery. (*Id*. ¶¶ 11-12.) Aquino held that position from January 2010 until she was terminated in February 2012. (*Id*. ¶ 11-12, 27.)

As noted *supra*, Aquino has asserted a single claim of retaliation under the FCA. Aquino contends that, beginning in November 2011 (*i.e.*, while she was in her most recent position), she orally complained about the University's alleged practice of collecting $2,500.00 directly from Medicare patients. (D.E. 82 ¶ 31.) She contends that, in retaliation for her complaints, she was fired. (*Id*. ¶ 32.) The University contends that the decision to terminate Aquino's employment was based solely on the results of the University's investigation into Aquino's misconduct and its good-

---

[6] To be clear, the University suspects that Aquino will contend at trial that the University has engaged in Medicare fraud by submitting false claims to the government. Aquino, admittedly, has no knowledge of the University's billing and claims practices. (D.E. 82 ¶¶ 14, 30.) Therefore, Aquino may attempt to introduce evidence of the University's alleged practices through hearsay testimony regarding descriptions of records/claims. Clearly, such "evidence" is inadmissible. Further, the University's actual billing practices are not relevant to Aquino's remaining claim of retaliation. Aquino's attempt to introduce evidence regarding same would be solely to unfairly prejudice the University in the eyes of the jury by accusing the University of fraud when she has no basis to do so. Accordingly, this proffered evidence also is subject to exclusion under Fed. R. Evid. 403.

7

faith belief that Aquino had committed theft and had violated the University's computer use and conflict of interest policies. (*Id*. ¶¶ 27, 33.)

The familiar *McDonnell-Douglas* burden-shifting framework applies to FCA retaliation claims. *Kalch v. Raytheon Tech. Servs. Co., LLC*, No. 616CV1529ORL40KRS, 2017 WL 3394240, at *3 (M.D. Fla. Aug. 8, 2017); *Ferrare v. Morton Plant Mease Health Care, Inc.*, No. 8:08-CV-1689-T-36MAP, 2014 WL 5336481, at *6 (M.D. Fla. Oct. 20, 2014); *Prime v. Post, Buckley, Schuh & Jernigan, Inc.*, No. 6:10-CV-1950-ORL-36, 2013 WL 4506357, at *13 (M.D. Fla. Aug. 23, 2013) (citations omitted). This framework involves three steps: (1) the plaintiff must first establish a *prima facie* case[7] of retaliation; (2) if the plaintiff establishes a *prima facie* case, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the employment action; and (3) if the employer articulates such a reason, the burden then shifts back to the plaintiff to show that the employer's proffered reason was a pretext for retaliation. *Id*.

As a threshold matter, evidence regarding Aquino's earlier positions at the University positions (and assessments of her performance in those positions) is irrelevant to any issue in this case. Here, the relevant timeframe of this action is November 2011 through February 2012 (the period of Aquino's alleged statutorily-protected activity and her misconduct). Aquino's prior employment history is irrelevant to this issue and properly excluded. *See Laffy v. Janssen Pharmaceutica, Inc.*, No. 3:03CV1005J-12MCR, 2006 WL 890069, at *1 (M.D. Fla. Mar. 31, 2006) (excluding, "as irrelevant, evidence of the Plaintiff's job performance before he became a

---

[7] A *prima facie* case of FCA retaliation requires the plaintiff to prove three elements: "(1) he engaged in protected conduct, (2) the defendant took adverse action against his employment, and (3) the defendant took the adverse action because of his protected conduct." *Kalch v. Raytheon Tech. Servs. Co., LLC*, No. 616CV1529ORL40KRS, 2017 WL 3394240, at *3 (M.D. Fla. Aug. 8, 2017) (citing *Reynolds v. Winn-Dixie Raleigh Inc.*, 620 Fed. Appx. 785, 791 (11th Cir. 2015) and *Mack v. Augusta-Richmond Cty.*, 148 Fed. Appx. 894, 896–97 (11th Cir. 2005)).

Strategic Account Manager (SAM), as the alleged retaliation occurred while he was a SAM). *See also Button v. Royal Caribbean Cruises, Ltd.*, No. 12-CV-23624-UU, 2013 WL 12126787, at *2 (S.D. Fla. July 22, 2013) (evidence that is irrelevant is "inadmissible under Federal Rule of Evidence Rule 402"); *Energy Smart Indus., LLC v. Morning View Hotels-Beverly Hills, LLC*, No. 14-CV-23284-UU, 2015 WL 11233085, at *1 (S.D. Fla. June 4, 2015) (same).

Similarly, Aquino's job performance in her most recent position is not relevant to any issue in this case. Aquino was not terminated because of substandard work performance; rather, she was terminated because of her workplace misconduct. Her performance evaluations simply have no bearing on any issue in this case and properly should be excluded. *See Stewart v. Daimler Chrysler Fin. Services Americas, LLC*, No. 07-60510-CIV, 2008 WL 11333226, at *3 (S.D. Fla. June 19, 2008) (granting employer's motion in *limine* and excluding employee's proffered evidence that "misconstrues the [*McDonnell-Douglas*] burden-shifting paradigm" by attempting to require the employee to establish more than "a legitimate nondiscriminatory reason for the adverse action taken against the [employee]").

Accordingly, the Court properly should exclude any evidence regarding Aquino's prior positions with the University and any assessments of her work performance.

## CONCLUSION

The proffered evidence summarized above is inadmissible, irrelevant and/or unfairly prejudicial. Accordingly, it properly should be excluded.

WHEREFORE, the University respectfully request that the Court (1) exclude the evidence identified above from trial for the reasons set forth herein; and (2) grant such further relief as the Court deems appropriate under the circumstances.

## CERTIFICATE OF CONFERENCE

Pursuant to S.D. Fla. L.R. 7.1(a)(3) and the Court's Scheduling Order (D.E. 66 at 6), I hereby certify that, on the afternoon of March 22, 2018, I e-mailed Plaintiff's counsel in a good-faith effort to resolve the issues raised in this motion. Plaintiff's counsel did not respond.

By: /s/ Christopher M. Yannuzzi
    Christopher M. Yannuzzi

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Christopher M. Yannuzzi
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Teresa Ragatz
    Florida Bar No. 545170
    Ragatz@irlaw.com
    Christopher M. Yannuzzi
    Florida Bar No. 92166
    Yannuzzi@irlaw.com

## **CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF this 23rd day of March, 2018, upon the following:

Juan Carlos Montes, Esq.
Montes & Associates Law Firm, PL
16351 Miramar Parkway
Miramar, Florida 33027
jcmontes@monteslawfirm-florida.com
service@monteslawfirm-florida.com

*Co-counsel for Plaintiff/Relator, Beatriz Aquino*

Jessica Elise Elliott, Esq.
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, Florida 33132
jessica.elliott@usdoj.gov

*Counsel for the United States of America*

Benedict P. Kuehne, Esq.
Michael T. Davis, Esq.
Law Office of Benedict P. Kuehne, P.A.
100 S.E. 2nd St., Suite 3550
Miami, Florida 33131
ben.kuehne@kuehnelaw.com
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

*Co-counsel for Plaintiff/Relator, Beatriz Aquino*

By: /s/ Christopher M. Yannuzzi
      Christopher M. Yannuzzi